GEORGE S. COE and others

*v.*

THE NEW JERSEY MIDLAND RAILWAY COMPANY and others.

A board of public works of a city is not justified in refusing to supply water for the use of the engines, etc. of a railroad being operated by a receiver under the direction of the court, on the ground that certain water rents, which were due when the railroad was declared insolvent, are unpaid.

Petition of receivers for injunction to compel the Board of Public Works of Jersey City, to furnish water at the engine-house of the New Jersey Midland Railway company there, for use in the locomotive engines, &c., of the company.

On petition and answer, and order to show cause why the injunction should not be granted.

*Mr. W. P. Douglass*, for the petitioners.

*Mr. L. Abbett*, for the city.

THE CHANCELLOR.

The question presented by the petition and answer is, whether the mayor and aldermen of Jersey City can lawfully be required to furnish, for due compensation, water from the public supply for use in the locomotive engines of the railroad company.

On behalf of the city, it is insisted that it is at liberty to impose, as condition of furnishing the water, the terms that certain water rents which were due from the company to the city when the former was declared by this court to be insolvent, shall first be paid. For all the water furnished to the receivers full payment has been made. The city does not allege that any objection whatever to furnishing the

Coe *v.* New Jersey Midland Railway Co.

water exists, except the non-payment of the water rents before mentioned, due, as alleged, from the company when it was declared insolvent. The only question, therefore, is, whether the refusal, based on that ground alone, is reasonable.

In *Dayton* v. *Quigley,* 2 *Stew.* 77, it was held, that the action of the officers of a municipality, charged with the control and management of the public water supply of the city, in refusing to supply water to a dwelling-house there, except on condition of payment of a claim of the city upon the tenant thereof for water furnished to him at another place, not the property of the landlord, was unreasonable. The rule laid down in that case is applicable, in full force, to this. The receivers are operating the road under the direction of this court, as well for the benefit of the public as for the advantage of the property itself. The use of the water is necessary to the discharge of the duty imposed upon them. The city treats the subject as if the receivers were merely the representatives of the company, or of those who hold encumbrances on the property, but that view is inadequate.

It is this court with which the city is in controversy, and, under the circumstances, it is unreasonable for it to refuse to furnish the water, except on the conditions which it seeks to impose. The court will take notice, on due application, of any claim of lien for water rents due to the city from the company, and will allow the city the benefit of any lien which it may have, by law, for the collection thereof, controlling its action in the premises, however, as equity may demand, but securing to it its full rights as far as practicable.

The order to show cause will be made absolute, and the injunction will be granted.